

**U.S. Department of Justice**

*U.S. Attorney's Office – District of New Jersey*

*Appeals Division*

---

*Steven G. Sanders*  |  *970 Broad Street, Suite 700*  |  *(973) 645-2846*
*Assistant U.S. Attorney*  |  *Newark, NJ 07102*  |

February 7, 2024

**BY ELECTRONIC FILING**

Hon. Madeline Cox Arleo, U.S.D.J.
U.S. District Court, D.N.J.
Martin Luther King, Jr.
Federal Building & Courthouse
50 Walnut Street, P.O. Box 999
Newark, NJ 07101-0999

      Re: *United States v. Bergrin*, Crim. No. 09-369

Dear Judge Arleo:

  The United States respectfully asks this Court to dismiss, for lack of subject-matter jurisdiction and improper venue, Defendant Paul Bergrin's recent request for miscellaneous relief. *See* ECF Nos. 718–19.

  In October 2023, Bergrin filed a *pro se* handwritten document styled as a "Motion for Judicial Intervention…." ECF No. 718 ("Motion"). In it, Bergrin complains about alleged violations of his constitutional rights by the Federal Bureau of Prisons at the United States Penitentiary Administrative Maximum Facility in Florence, Colorado ("ADMAX"). *Id.*[*] He enumerates multiple topics concerning the conditions of his confinement at ADMAX, including recreation, staffing, medical and dental care, mail, meals, alleged hate crimes, and alleged breakdowns in the administrative remedy program. *Id.* In November 2023, Bergrin also filed a *pro se* handwritten "sworn declaration" in support of his Motion. ECF No. 719. In this declaration, Bergrin further described alleged medical and dental concerns he has and accused BOP staff at ADMAX of failing to provide adequate healthcare. *Id*. Neither filing addresses issues arising from Bergrin's criminal prosecution or his pending motion to vacate sentence under 28 U.S.C. § 2255.

---

  [*] Specifically, Bergrin complains that BOP and its staffers are violating his Fifth, Sixth, Eighth, and Fourteenth Amendment rights under the United States Constitution. While this is not the forum to address these claims as discussed *infra*, Bergrin no longer has a Sixth Amendment right to counsel and the Fourteenth Amendment does not apply to federal actors.

This Court should dismiss Bergrin's Motion for lack of subject-matter jurisdiction because he must pursue the remedies he seeks through a separate civil action in the U.S. District Court for the District of Colorado. After direct appeals have been exhausted, Congress has strictly limited the scope of post-conviction relief. A prisoner may file a "motion to vacate, set aside or correct the sentence," but must do so in the District of conviction. *See* 28 U.S.C. § 2255(a), (e). As noted, Bergin has filed such a motion. *See* D.NJ. Civil No. 16-3040. To be sure, a prisoner may use a petition for a writ of habeas corpus under 28 U.S.C. § 2241 "where the deprivation of rights is such that it necessarily impacts the fact or length of detention." *Leamer v. Fauver*, 288 F.3d 532, 540 (3d Cir. 2002); *see also Cardona v. Bledsoe*, 681 F.3d 533, 537 (3d Cir. 2012) (discussing § 2241 habeas jurisdiction); *Wragg v. Ortiz*, 462 F. Supp. 3d 476, 505 (D.N.J. 2020) (Bumb, C.J.). A prisoner may also commence a civil action under *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971) or the Federal Tort Claims Act, 28 U.S.C. § 1346(b), for money damages related to his conditions of confinement. And a prisoner may seek an injunction or other equitable relief for alleged violations of the Constitution. *See Crawford v. Bell*, 599 F.2d 890, 891-92 (9th Cir. 1979). But there are rules governing how, when, and where such actions must be commenced. Bergrin hasn't followed any of them.

Civil actions must be initiated by petition or complaint, not by motion in an existing criminal matter. *See* Fed. R. Civ. P. 3; *see also United States v. Petlechkov*, 72 F.4th 699, 710 (6th Cir. 2023) ("[A] civil counterclaim can't be brought in a criminal case. Rather, it must be filed as a separate civil suit."); *United States v. Dent*, Crim. No. 1:22-3, 2023 WL 4417304, at *3-4 (N.D.W. Va. Apr. 4, 2023) (holding that the criminal court lacked jurisdiction to review a motion for emergency equitable relief), *adopted in part & declined in part*, 2023 WL 4234394 (June 28, 2023). Even were this Court to construe Bergrin's motion as seeking habeas relief under § 2241, it still would lack jurisdiction to entertain it, and for two reasons. First and foremost, "[t]he plain language of the habeas statute … confirms the general rule that for core habeas petitions challenging present physical confinement, jurisdiction lies in only one district: *the district of confinement*." *Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004) (emphasis added); *see* 28 U.S.C. § 2241(a). Second, Bergrin must file a formal § 2241 petition. *See United States v. Porter*, Crim. No. 19-20115, 2022 WL 1547751, at *10 (E.D. Mich. May 16, 2022) ("The present action is a criminal matter, but a properly filed habeas petition must commence as an 'independent civil suit.'") (quoting *Riddle v. Dyche*, 262 U.S. 333, 336 (1923); and citing *United States v. Thomas*, 713 F.3d 165, 168 (3rd Cir. 2013)); *United States v. Stark*, Crim. No. 18-5299, 2018 WL 4621947, at *1 (6th Cir. July 13, 2018).

Jurisdiction aside, allowing Bergrin to proceed here—instead of by way of a new civil action or actions—would circumvent the notice and service requirements of the Federal Rules of Civil procedure, required filing fees under 28 U.S.C. § 1914 (or the process to seek *in forma pauperis* status), the requirements of the Prison Litigation Reform Act, and the complaint screening process for inmates mandated by Congress under 28 U.S.C. § 1915A. *See, e.g.*, *Stark*, 2018 WL 4621947, at *1 ("[H]e did not file a separate petition, he did not name his custodian as a party, and his custodian did not receive notice of the petition. He did not pay a filing fee or move to proceed *in forma pauperis*."); *see Dent*, 2023 WL 4417304, at *4 ("If Dent desires to bring a cause of action based upon perceived or alleged deprivation of rights . . . he must do so as provided in the Federal Rules of Civil Procedure, accompanied by either a filing fee or motion to proceed *in forma pauperis*.").

As importantly, Bergrin must pursue civil remedies elsewhere. Bergrin resides in the District of Colorado, which encompasses the ADMAX, and all the events discussed in his Motion allegedly happened at that federal facility. The proper venue to pursue any available civil claims arising from such events is the United States District Court for the District of Colorado, not the District of New Jersey. *See* 28 U.S.C. § 1391(b); *see also* § 1402(b) ("Any civil action on a tort claim against the United States under [the Federal Tort Claims Act] may be prosecuted only in the judicial district where the plaintiff resides or wherein the act or omission complained of occurred.").

I thank the Court for its consideration.

                                                Respectfully submitted,

                                                PHILIP R. SELLINGER
                                                United States Attorney

                             By:   s/ STEVEN G. SANDERS
                                   JOSEPH N. MINISH
                                       Assistant U.S. Attorneys

cc:    Paul W. Bergrin (by U.S. Mail)